UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UPSOLVE, INC., and REV. JOHN UDO-OKON, <br><br> Plaintiffs, <br><br> v. <br><br> LETITIA JAMES, in her official capacity as Attorney General of the State of New York, <br><br> Defendant. | Case No. 1:22-cv-00627-PAC |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE BRIEF OF THE NAACP AND THE NAACP NEW YORK STATE CONFERENCE AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

The National Association for the Advancement of Colored People ("NAACP") and the NAACP New York State Conference (collectively, "NAACP" or "*amici*") respectfully move for leave to file the attached brief as *amici curiae* in support of Plaintiffs' Motion for a Preliminary Injunction in the above-captioned case.  Counsel for the parties to this case have been informed of this request.  Plaintiffs' counsel indicated that Plaintiffs consent to the request; Defendant's counsel indicated that Defendant has no position on the request.

## STATEMENT OF INTEREST

As explained in the proposed brief, *amici* are civil rights organizations that work to advance justice for Black Americans.  The National Association for the Advancement of Colored People is a national non-profit organization that strives to ensure a society in which all individuals have equal rights and there is no racial hatred or racial discrimination.  The NAACP New York State Conference is the Association's New York state component.

The NAACP's interest in this matter arises from its efforts to ensure that Black defendants in debt collection actions have meaningful access to the courts.  The unauthorized practice of law rules that Plaintiffs challenge significantly limit the scope of aid that the NAACP can provide to such defendants.  That is particularly concerning to the NAACP given that debt collection actions disproportionately impact communities of color.  Indeed, a majority of defendants in debt collection actions in New York City are from communities of color, and the rate of debt collection default judgments in Black neighborhoods across the country far exceeds the rate of default judgments in white neighborhoods.

**ARGUMENT**

There is no Federal Rule governing the procedure for seeking leave to file an amicus brief in the District Court.  In evaluating a motion for leave to file an amicus brief, courts in this District generally apply the test set forth by the Seventh Circuit in *Ryan v. CFTC*, 125 F.3d 1062 (7th Cir. 1997).  *See, e.g.*, *C&A Carbone, Inc. v. County of Rockland*, 08-cv-6459-ER, 2014 WL 1202699, at *3-4 (S.D.N.Y. Mar. 24, 2014); *Automobile Club of New York, Inc. v. Port Authority of New York and New Jersey*, No. 11 CIV. 6746 RJH, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011).  Under that standard, "[a]n amicus brief should normally be allowed … when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."  *Ryan*, 125 F.3d at 1063 (7th Cir. 1997).

The NAACP respectfully submits that its participation as *amicus curiae* would assist the Court in resolving this matter.  The attached *amicus* brief describes the impact of the unauthorized practice of law rules—as applied to the provision of free, truthful, and narrowly circumscribed legal advice to defendants in debt collection actions—on the NAACP and the communities it serves, and explains why the rules as applied to Plaintiffs violate the First Amendment freedom of association.

The NAACP is intimately familiar with the importance of the right to associate for the purpose of ensuring meaningful access to the courts, and is no stranger to states' efforts to burden that right.  Indeed, throughout its history, various states have sought to impede the NAACP's right to associate to pursue litigation that furthers its objective of a more equitable society.  *See, e.g.*, *NAACP v. Button*, 371 U.S. 415 (1963); *see also, e.g.*, *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958).  In holding unconstitutional one such effort, the Supreme Court recognized that for the NAACP, litigation "is a means for achieving the lawful objectives

3

of equality of treatment … for the members of the Negro community in this country" and "is thus a form of political expression." *Button*, 371 U.S. at 429-30. Put otherwise, because ensuring that the Black community has meaningful access to the courts is one of the ways that the NAACP seeks to ensure equal rights and the elimination of racial discrimination, that work is a form of political expression for the NAACP and similar organizations.

## CONCLUSION

For the foregoing reasons, the NAACP's motion for leave to file the attached brief should be granted.

Dated: March 1, 2022

Respectfully submitted,

/s/ Daniel A. Rubens

Joseph Rostain Schottenfeld
(*pro hac vice pending*)
NAACP | EMPOWERMENT PROGRAMS
4805 Mount Hope Drive
Baltimore, MD 21215
(203) 444-9577
jschottenfeld@naacpnet.org

Daniel A. Rubens
Jodie C. Liu (*pro hac vice pending*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
(212) 506-5000
drubens@orrick.com
jodie.liu@orrick.com

Sarah H. Sloan (*pro hac vice pending*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, D.C. 20005
(202) 339-8400
ssloan@orrick.com

*Counsel for Amici Curiae*