STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8733

March 3, 2022

**By ECF**

The Honorable Paul A. Crotty
United States District Judge
United States Courthouse
500 Pearl St.
New York, NY 10007

RE:   *Upsolve, Inc. v. James*, 22-CV-627 (PAC)

Dear Judge Crotty:

This Office represents the Attorney General in the above-captioned case. I write to respond to the Court's request for a briefing schedule with respect to the submission by proposed *amicus curiae* the Institute for Justice (*see* 2/28/2022 docket annotation), and, separately, to request that the March 11, 2022 deadline for filing the Attorney General's opposition to Plaintiff's motion for a preliminary injunction be adjourned to three weeks after all forthcoming *amicus curiae* briefs are filed.

**A.   Response to Request for a Briefing Schedule
with Respect to the Institute for Justice's Submission**

Earlier today, the Institute for Justice filed its proposed *amicus* brief. *See* ECF 45. As such, the Attorney General respectfully submits that the Court's request for a briefing schedule on that submission is moot. Plaintiff's counsel informs me that Plaintiffs agree with this assessment.

**B.   Request to Adjourn the Deadline for the Attorney General's
Opposition to Plaintiffs' Motion for a Preliminary Injunction**

After the Court's request for a briefing schedule on the Institute for Justice's submission, four additional *amici* submitted proposed *amicus* briefs. Moreover, it is likely that even more such briefs are forthcoming. Yesterday, the Court directed the parties to file letters by March 18, 2022 that identify additional third parties who may be interested in making such *amicus* submissions. ECF 36. Any such briefs would necessarily be filed after the Attorney General's existing opposition deadline.

Hon. Paul A. Crotty
March 3, 2022
Page 2

      Given these developments, the Attorney General respectfully submits that an extension is warranted so that it has an opportunity in its opposition to respond to the points raised in all existing and forthcoming *amicus curiae* briefs.  The Attorney General is the sole defendant in this case and the official against whom injunctive relief is sought.  Allowing the Attorney General a full and fair and fair opportunity to respond to all briefing on this matter would therefore serve the interests of justice—a conclusion that applies with even greater force given the significant public policy implications of this case.

      While Plaintiffs suggest that the *amicus* briefs in support of their position have already been filed, this conclusion is at best premature.  Plaintiffs presumably intend to comply with the Court's directive to identify <u>additional</u> interested stakeholders, and the Attorney General should be given the right to respond to points raised by any such stakeholders and, if necessary, to points raised by interested third parties the Attorney General may identify.

      The requested extension would also conserve the Court's resources, as it would allow the Attorney General to respond to all points and arguments in a single brief—rather than burdening the Court with piecemeal, supplemental submissions, as suggested by Plaintiffs.

      In sum, the Attorney General respectfully requests that its March 11, 2022 deadline for filing an opposition to Plaintiff's motion for a preliminary injunction be adjourned to three weeks after all forthcoming *amicus curiae* briefs are filed.

      This is the Attorney General's first request for an extension in this matter.  Plaintiffs do not consent to any extension of the parties' existing deadlines on the motion for a preliminary injunction. Plaintiffs assert that, to Plaintiffs' knowledge, every *amicus* brief in support of Plaintiffs has already been filed and Defendants have adequate opportunity to respond, if at all, in their response brief due March 11, 2022. Plaintiffs further assert that such an extension would be inconsistent with the expedited pace that is typical for motions for a preliminary injunction seeking to enforce constitutional rights.  Further, while Plaintiffs acknowledge the need for both sides to respond to all points raised in the anticipated *amicus* briefs, they assert that this issue can be addressed by affording both sides the opportunity to file 10-page supplemental briefs within 7 days after the filing of all forthcoming *amicus* briefs, if any.

      Respectfully submitted,

      /s/ Matthew J. Lawson

      Matthew J. Lawson
      Assistant Attorney General