**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

Gregory Silbert
+1 (212) 310-8846
gregory.silbert@weil.com

BY ECF

March 11, 2022

Hon. Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1350
New York, New York 10007

Re: *Upsolve, Inc., et al. v. James*, No. 22-cv-00627 (PAC)

Dear Judge Crotty:

  We represent Plaintiffs Upsolve, Inc. and Rev. John Udo-Okon in connection with the above-referenced matter.

  On March 2, 2022, the Court issued an order directing the parties to file letters "containing suggested independent third parties, if any, who should be asked to file briefs regarding the legal and practical effects of applying New York's Unauthorized Practice of Law rules to the proposed activities at issue." ECF No. 36.

  Plaintiffs respectfully submit that no additional parties should be asked to file briefs in this action. Under New York law, Defendant is afforded "charge and control of all the legal business of the departments and bureaus of the state." N.Y. Exec. Law § 63. Defendant often defends against similar suits without the need for solicited briefing from independent third parties, and Defendant is best positioned to understand the legal and practical effects of the Court's decision in this matter. *See, e.g., Jacoby & Meyers, LLP v. Presiding Justices*, 852 F.3d 178 (2d Cir. 2017). Independent third parties with the desire to participate in this widely publicized action may do so through the ordinary channel of seeking this Court's leave to file an *amicus curiae* brief. Soliciting non-party views would be an unusual step. *See generally United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) ("In our adversarial system of adjudication, we follow the principle of party presentation."). And it would further delay resolution of this important matter and exacerbate the irreparable harm to Plaintiffs and the communities they serve—including many New Yorkers who are unable to understand or access their legal rights and who likewise lack the ability to participate as independent third parties in this action. *See* Memorandum of Law in Support of Plaintiffs' Motion for a Preliminary Injunction, ECF No. 6, at 19-20.

  If, however, the Court remains inclined to seek the views of independent third parties, Plaintiffs suggest that the Court solicit the views of the United States Department of Justice ("DOJ")—and, specifically, the DOJ's Office for Access to Justice, which works "to improve the justice delivery systems that serve people who are unable to afford lawyers"—and the Federal Trade

Commission ("FTC")—specifically, the FTC's Bureau of Competition, which enforces the nation's antitrust laws. *See* DOJ, *Office for Access to Justice*, https://www.justice.gov/atj; FTC, *Bureau of Competition*, https://www.ftc.gov/about-ftc/bureaus-offices/bureau-competition. Both agencies have substantial expertise and experience in this area and "have provided comments to policymakers and stakeholders on the scope of the practice of law, the unauthorized practice of law, attorney advertising, and other aspects of the regulation of legal services," including through amicus briefs. Letter from Marina Lao, FTC, and Robert Potter, DOJ, to Hon. Bill Cook, at 3 (June 10, 2016), https://www.ftc.gov/system/files/documents/advocacy_documents/comment-federal-trade-commission-staff-antitrust-division-addressing-north-carolina-house-bill-436/160610commentncbill.pdf; *see, e.g.*, Brief Amici Curiae of the United States of America and the Federal Trade Commission, *In re: UPL Advisory Opinion No. 2003-2*, Case No. S03U1451 (Ga. July 28, 2003).

Respectfully submitted,

/s/ Gregory Silbert
Gregory Silbert
WEIL, GOTSHAL & MANGES LLP
767 5th Avenue
New York, NY 10153
Telephone: (212) 310-8000
Fax: (212) 310-8007
Email: gregory.silbert@weil.com

*Counsel for Plaintiffs*