RECEIVED
SDNY PRO SE OFFICE
2022 MAY 10 PM 2: 27

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Case 1:22-cv-00627-PAC

**UPSOLVE, INC. and REV. JOHN UDOOKON,**
   **Plaintiffs,**

-v

**LETITIA JAMES, in her official capacityDV**
**Attorney General of the State of New York,**
   **Defendant.**

### ERWIN ROSENBERG'S MOTION FOR PERMISSIVE INTERVENTION

Rule 24 (b) says "(b) Permissive Intervention. (1) In General. On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact."

In this case this Court may address whether the New York lawyer licensing and disciplinry system violates the First Amendment. See Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction D.E. 58 page 7 "The question of whether laypersons have a First Amendment right to practice law without a license is not a new one. "

ERWIN ROSENBERG lives in Miami-Dade County, Florida and is interested in practicing law in New York courts; however, he received a reciprocal discipline of disbarment in New York (although it is pending reconsideration).

1

The lawyer licensing and disciplinary scheme of New York violates ERWIN ROSENBERG's rights under the First Amendment by asserting an authority from or relating to N.Y. Jud. Law §§ 90, 468-a, 476-a, 478, 484, 485, 750, 753 and the Rules of the Chief Administrator of the Courts (see 22 NYCRR part 118) which imposes a prior restraint on his speech, namely by asserting the right to admit, suspend and/or disbar a lawyer. The licensing scheme vests unbridled discretion in the decisionmaker. The implicit or explicit regulation is overbroad. The scheme creates a risk of delay. Every application of the law creates an impermissible risk of suppression of ideas. Even assuming that the State's interest does justify requiring persons who wish to practice law to obtain a license before practicing law, the law fails to provide that the licensor will, within a specified brief period, either issue a license or go to neutral court for a judicial determination that the censorship complies with the First Amendment.or after issuing a suspension, disbarment or prohibition on pro se filings will, within a specified brief period,, go to a neutral court for a judicial determination that the censorship complies with the First Amendment.

Lawyering speech is protected by the First Amendment. See also Nifla v. Becerra, 138 S. Ct. 2361, 2373 (2018)("Longstanding torts for professional malpractice, for example, "fall within the traditional purview of state regulation of professional conduct." NAACP v. Button, 371 U.S. 415, 438, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963); but cf. id., at 439, 83 S.Ct. 328 ("[A] State may not, under the guise of prohibiting professional misconduct, ignore constitutional rights"). " ). See also Otto v. City of Boca Raton, Florida, 981 F. 3d

854, 866 (11th Cir. 2020)("*Cohen v. California* is a good example. See 403 U.S. 15, 18, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971). There, the Supreme Court reviewed the violation of a state law prohibiting "maliciously and willfully disturbing the peace or quiet of any neighborhood or person by offensive conduct." *Id.* at 16, 91 S.Ct. 1780 (punctuation altered). The defendant had worn a profanity-emblazoned jacket in front of women and children. Id. Because the "only `conduct' which the State sought to punish" was "the fact of communication," the Court invalidated the conviction as "resting solely upon `speech,' not upon any *separately identifiable* conduct." *Id.* at 18, 91 S.Ct. 1780 (emphasis added) (internal citation omitted). So putting on the shirt was not the issue; it was the message communicated by the shirt.")

Erwin Rosenberg is not seeking from this Court an order reversing or vacating the any disciplinary orders against him. Rather, he is making a general constitutional attack on the authority from or relating to N.Y. Jud. Law §§ 90, 468-a, 476-a, 478, 484, 485, 750, 753 and the Rules of the Chief Administrator of the Courts (see 22 NYCRR part 118) which imposes a prior restraint on his speech, namely by asserting the right to admit, suspend and/or disbar a lawyer. See <u>District of Columbia Court of Appeals v. Feldman</u>, 460 US 462, 488 (1983)(JUSTICE STEVENS, dissenting)("The Court holds that respondents may make a general constitutional attack on the rules governing the admission of lawyers to practice in the District of Columbia.").

In order to avoid violating the Eleventh Amendment, this case is being brought only for

3

prospective and injunctive relief to prevent a continuing violation of federal law. against a state official, LETITIA JAMES, in her official capacity as Attorney General of the State of New York. See Green v. Mansour, 474 US 64, 68 (1985)("Because of the Eleventh Amendment, States may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity. *Id.*, at 99. The landmark case of Ex *parte Young*, 209 U. S. 123 (1908), created an exception to this general principle by asserting that a suit challenging the constitutionality of a state official's action in enforcing state law is not one against the State. *Id.*, at 159-160. The theory of *Young* was that an unconstitutional statute is void, *id.*, at 159, and therefore does not "impart to [the official] any immunity from responsibility to the supreme authority of the United States." *Id.*, at 160. *Young* also held that the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law. *Id.*, at 155-156, 159.").

A proposed Complaint is provided below. Wherefore Erwin Rosenberg moves for permissive intervention

CERTIFICATE OF SERVICE

I hereby certify I mailed to United States Courthouse, 500 Pearl Street, New York, NY 10007 on May 5, 2022.

Respectfully Submitted,

s./ [signature]

4

Erwin Rosenberg
1000 West Island Blvd. # 1011
Aventura, Florida 33160
Tel 786-299-2789
erwinrosenberg@gmail.com

**PROPOSED COMPLAINT**

RECEIVED
SDNY PRO SE OFFICE
2022 MAY 10 PM 2: 27

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Case 1:22-cv-00627-PAC

**UPSOLVE, INC. and REV. JOHN UDOOKON,**
        **Plaintiffs,**

-v

**LETITIA JAMES, in her official capacity as
Attorney General of the State of New York,
        Defendant.**

FIRST CLAIM FOR PROSPECTIVE AND INJUNCTIVE RELIEF
TO PREVENT A CONTINUING VIOLATION
FIRST AMENDMENT
U.S. Const. amends. I, XIV; Ex *parte Young*, 209 U. S. 123 (1908),
(against the LETITIA JAMES, in her official capacity as
Attorney General of the State of New York)

1.   This Court has subject-matter jurisdiction as this Court may hear a general constitutional attack on a State law.

2.   This Court has personal jurisdiction.

3.   Venue is proper.

4.   LETITIA JAMES, in her official capacity as Attorney General of the State of New York, asserts authority to admit, suspend and/or disbar a lawyer in New York. See N.Y. Jud. Law §§ 90, 468-a, 476-a, 478, 484, 485, 750, 753 and the Rules of the Chief Administrator of the Courts (see 22 NYCRR part 118).

5.   LETITIA JAMES violates ERWIN ROSENBERG's rights under the First Amendment

by asserting an authority from or relating to N.Y. Jud. Law §§ 90, 468-a, 476-a, 478, 484, 485, 750, 753 and the Rules of the Chief Administrator of the Courts (see 22 NYCRR part 118) which imposes a prior restraint on his speech, namely by asserting the right to admit, suspend and/or disbar a lawyer.

6. The asserted authority vests unbridled discretion in the decisionmaker.

7. The implicit or explicit asserted authority is overbroad.

8. The asserted authority creates a risk of delay.

9. Every application of the asserted authority creates an impermissible risk of suppression of ideas.

10. The asserted authority is neither an informed-consent requirement nor any other regulation of professional conduct that incidentally burdens speech (although on some ocassions it may have been used to justify the enactment of some regulations of professional conduct that incidentally burden speech). Rather, the asserted authority is a content-based law regulating noncommercial and commercial lawyering speech.

11. Even assuming that the State's interest does justify requiring persons who wish to practice law to obtain a license before practicing law, the law fails to provide that the licensor will, within a specified brief period, either issue a license (or suspend or disbar) and then go to a neutral court for a determination that the censorship complies with the First Amendment.

12. Lawyering speech is protected by the First Amendment.

13. Wherefore ERWIN ROSENBERG sues LETITIA JAMES, in her official capacity as Attorney General of the State of New York, only for prospective and injunctive relief to prevent a continuing violation, making a general constitutional attack on his asserted authority to admit, suspend and/or disbar a lawyer.

Respectfully Submitted,

s./
Erwin Rosenberg
1000 West Island Blvd. # 1011
Aventura, Florida 33160
Tel 786-299-2789
erwinrosenberg@gmail.com

Erwin Rosenberg
1000 West Island Blvd 1011
Aventura, FL 33160

UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007

Civil Docketing