# Weil, Gotshal & Manges LLP

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Gregory Silbert**
+1 (212) 310-8846
gregory.silbert@weil.com

BY ECF

May 23, 2022

Hon. Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1350
New York, New York 10007

**Re: *Upsolve, Inc., et al., v. James*, 22-CV-627 (PAC)**

Dear Judge Crotty:

      We represent Plaintiffs Upsolve, Inc. and Rev. John Udo-Okon in connection with the above-referenced matter. On May 10, 2022, Mr. Erwin Rosenberg filed a Motion for Permissive Intervention (ECF 63), (the "Motion"). *See also* Amended Motion for Permissive Intervention (ECF 64), (the "Amended Motion") (filed May 23, 2022). Because Mr. Rosenberg's case involves distinct factual and legal issues from this action and would delay this action's resolution, Plaintiffs respectfully oppose the Motion and the Amended Motion.

      "[T]he Court has broad discretion to deny an applicant's motion for permissive intervention." *Nat'l Acad. of Television Arts and Scis., Inc. v. Multimedia Sys. Designs, Inc.*, 551 F. Supp. 3d 408, 417 n.1 (S.D.N.Y. 2021) (citing *New York News, Inc. v. Kheel*, 972 F.2d 482, 486–87 (2d Cir. 1992)). Rule 24(b) permits intervention only by a party who "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1). Courts thus deny permissive intervention where it would raise distinct factual or legal questions. *See, e.g.*, *Washington Elec. Co-op, Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990) (upholding denial of intervention where it would "inject" additional legal issues); *Wingate v. Gives*, No. 05 Civ. 1872, 2009 WL 424359, at *6 (S.D.N.Y. Feb. 13, 2009) ("[E]ven where the underlying legal theories are the same, courts may deny permissive intervention where dissimilarity of facts would cause confusion and raise extrinsic issues."). "The principal guide in deciding whether to grant permissive intervention," the Second Circuit has explained, "is whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Olin Corp. v. Lamorak Ins. Co.*, 325 F.R.D. 85, 87 (S.D.N.Y. 2018) (quoting *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994)) (internal quotation marks and brackets omitted); *see* Fed. R. Civ. P. 24(b)(3).

      This Court should deny the Motion and the Amended Motion because Mr. Rosenberg's case raises distinct factual and legal issues and intervention will unduly complicate and delay this litigation. Mr. Rosenberg is a disbarred attorney asserting a facial challenge to the Attorney General's "right to admit, suspend, and/or disbar a lawyer." Motion at 1–3; *see, e.g.*, *id*. at 2 (asserting a *general* constitutional attack on the "authority from or relating to N.Y. Jud. Law §§ 90, 468-a, 476-a, 478, 484, 485, 750, 753 and the Rules of the Chief Administrator of the Courts which imposes a prior

restraint on his speech, namely by asserting the right to admit, suspend and/or disbar a lawyer"). *See also* Amended Motion at 1–3 (replicating the Motion's claims). The facts of Mr. Rosenberg's case have nothing in common with Plaintiffs' "free and reliable person-to-person legal advice about how to fill out a state-provided form" within the confines of a well-regulated program. PI Reply Br. (ECF 62) at 1, 4. Nor does Mr. Rosenberg's broad facial challenge to the Attorney General's disbarment authority involve the sole legal issue raised by Plaintiffs' case: whether "a prosecution under New York's rules governing the unauthorized practice of law ("UPL") would violate the First Amendment as applied to [Plaintiffs'] specific program." *Id*. at 1. Most importantly, allowing intervention would complicate and delay this action to the parties' detriment, especially since the parties have now completed briefing and oral argument on Plaintiffs' Motion for a Preliminary Injunction.

      Plaintiffs respectfully ask the Court to deny the Motion and the Amended Motion.

Respectfully submitted,

*/s/ Gregory Silbert*
Gregory Silbert

cc: Counsel of Record (via ECF)