UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UPSOLVE, INC., and
REV. JOHN UDO-OKON,

                *Plaintiffs*,

v.

LETITIA JAMES, in her official capacity as
Attorney General of the State of New York,

                *Defendant.*

No. 22-cv-627 (PAC)

**ORDER**

       Erwin Rosenberg has moved for reconsideration of the Court's Order denying his motion for permissive intervention. *See* ECF No. 76. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

       As the Court previously noted, permissive intervention lies within the Court's "broad discretion," *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 561 (2d Cir. 2005), and in exercising that discretion, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3). Rosenberg has identified no controlling decisions or data that have altered this discretionary standard.

       Accordingly, the Court continues to exercise this discretion to deny Rosenberg's motion to intervene. Rosenberg simply disagrees with the Court's prediction that his facial challenge to the licensing regime at issue would fail on the merits. *See* Opinion & Order, ECF No. 68 at 17 n.6. That disagreement does not answer the permissive intervention question: whether considering

Rosenberg's challenge—even if meritorious—would delay the proceedings, confuse the issues, or prejudice the original parties' rights. And as the Court has already concluded, intervention would create these problems. Rosenberg (who is a disbarred lawyer) is not similarly situated to Plaintiffs (who are non-lawyers working for a non-profit)—a critical distinction supporting the Court's decision to issue a preliminary injunction in favor of Plaintiffs. While Rosenberg is free to assert his claim in a standalone lawsuit, he will not be permitted to intervene in this case. Therefore, his motion for reconsideration is **DENIED**.

The Clerk of Court is respectfully directed to close the motion at ECF Number 76.

Dated: New York, New York
June 27, 2022

SO ORDERED

*Paul A. Crotty*

HONORABLE PAUL A. CROTTY
United States District Judge