UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK



UPSOLVE, INC. et. al.
        Plaintiffs,

v.                                                              No. 22-cv-627 (PAC)

JAMES, LETITIA
        Defendant
_____/

### ERWIN ROSENBERG'S MOTION PURSUANT TO RULE 60(b)(5) AND/OR 60(b)(6) FOR RELIEF FROM [ECF 69] THE MAY 25, 2022 ORDER DENYING MOTION TO INTERVENE

Rule 60 says "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

. . .

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief."

On May 25, 2022 this Court entered an order denying Rosenberg's motion for permissive intervention. In its June 27, 2022 Order denying reconsideration this Court explained the main reason for the denial of intervention:

1

"Rosenberg simply disagrees with the Court's prediction that his facial challenge to the licensing regime at issue would fail on the merits. See Opinion & Order, ECF No. 68 at 17 n.6. That disagreement does not answer the permissive intervention question: whether considering Rosenberg's challenge—even if meritorious—would delay the proceedings, confuse the issues, or prejudice the original parties' rights. And as the Court has already concluded, intervention would create these problems. **Rosenberg (who is a disbarred lawyer) is not similarly situated to Plaintiffs (who are non-lawyers working for a non-profit)—a critical distinction supporting the Court's decision to issue a preliminary injunction in favor of Plaintiffs.**" (emphasis added).
[ECF78] PP.1-2.

On June 30, 2023 the U.S. Supreme Court issued a decision in *303 Creative LLC v. Elenis*, 600 U.S. ___ (2023). The Court held that a Colorado public accommodations anti-discrimination law which would regulate wedding web designer work violated the First Amendment. The Court noted that the for-profit via corporate entity web design work which the parties stipulated was pure speech was protected by the free speech guarantee of the First Amendment and rejected the Dissent's contention that the law prohibiting discrimination against gay persons could be enforced against the web designer on the basis that it was merely a regulation on conduct with an incidental effect on speech.

That case shows that this Court made the correct decision to grant Plaintiffs a preliminary

injunction but not because Plaintiffs are non-lawyers working for a non-profit; rather because Plaintiffs like Rosenberg intend to engage in expressive speech and expressive speech takes precedence over laws that purport to regulate conduct but incidentally control expressive speech.

Wherefore Erwin Rosenberg moves pursuant to Rule 60(b)(5) and/or 60(b)(6) for relief from the May 25, 2022 order denying intervention.

CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2023 I served a copy hereof via the Clerk's filing per ECF Rule 9.2.

Respectfully Submitted,

/s//

Erwin Rosenberg
1000 West Island Blvd. 1011
Aventura, Florida 33160
Tel 786-299-2789
erwinrosenberg@gmail.com

Erwin Rosenberg
1000 W. Island Blvd. # 1011
Aventura, FL. 33160

Look
BC

USPS
SDNY

Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312


