

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8733

April 23, 2024

**By ECF**

The Honorable Richard M. Berman
United States District Judge
United States Courthouse
500 Pearl St.
New York, NY 10007

RE:   *Upsolve, Inc. v. James*, 22-CV-627 (RMB)

Dear Judge Berman:

I write pursuant to the Court's April 18, 2024 Order (ECF 93), which directed the Attorney General to respond to two motions filed by non-party Erwin Rosenberg: (1) Erwin Rosenberg's Motion Pursuant to Rule 60(b)(5) and/or 60(b)(6) for Relief from . . . the May 25, 2022 Order Denying Motion to Intervene (ECF 91); and (2) Erwin Rosenberg's Second Motion for Permissive Intervention (ECF 92). The Attorney General opposes both motions.

As an initial matter, the central legal issues in this First Amendment action have been appealed to the Second Circuit, and proceedings in this Court are now "stayed pending the resolution of Defendants' [interlocutory] appeal." ECF 80. As such, it would not be appropriate to grant the requested relief at this time.

Mr. Rosenberg's motions also fail on the merits. Indeed, Mr. Rosenberg's motions represent the third, and fourth, bites at the apple with respect to relief the Court had already denied before proceedings were stayed. Mr. Rosenberg initially moved to intervene on May 10, 2022 (ECF 63), and then amended that motion on May 23, 2022 (ECF 64). On May 25, 2022, the Court denied the intervention motion, noting that Rosenberg "seeks much broader relief than Plaintiffs," and that Rosenberg, a disbarred lawyer, was not similarly situated to Plaintiffs. ECF 69; *see also* ECF 68 at 17 n.6 (noting Rosenberg's dissimilarity from Plaintiffs). The Court also found that intervention would "complicate the issues presented and delay the proceedings." ECF 69. Mr. Rosenberg then filed a motion for reconsideration (ECF 76), which the Court denied on June 27, 2022 (ECF 78).

Permissive intervention lies within the Court's "broad discretion," *AT&T Corp. v. Sprint Corp.,* 407 F.3d 560, 561 (2d Cir. 2005), and the authorities cited by Rosenberg provide no basis

Hon. Richard M. Berman
April 23, 2024
Page 2

for disturbing the Court's original holdings on the intervention issue. If anything, the reasons for denying intervention in 2022 apply with even greater force now, as Mr. Rosenberg now seeks to press entirely new legal theories under federal antitrust law that bear little, if any, resemblance to the First Amendment claims asserted in this action. *See* ECF 92 at pp. 4-5. Mr. Rosenberg's motions should therefore be denied.

Thank you for your time and attention to this matter.

Respectfully submitted,

/s/ Matthew J. Lawson

Matthew J. Lawson
Assistant Attorney General