UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE
2024 AUG -5 AM 9: 21

UPSOLVE, INC. et. al.
                    Plaintiffs,

v.                                                      No. 22-cv-627 (RMB)

JAMES, LETITIA
                    Defendant
_____/


This Court is awaiting review of its preliminary injunction order in favor of Plaintiffs

which was decided on the basis of the First Amendment.


"Resolution of a motion for permissive intervention is committed to the discretion of the

court before which intervention is sought, see *Automobile Workers*, 382 U.S. at 217, n.

10, 86 S.Ct. 373; Fed. Rule Civ. Proc. 24(b)(1)(a). "  <u>Cameron v. EMW Women's</u>

<u>Surgical Center, PSC</u>, 142 S. Ct. 1002, 1011-1012 (2022).


Like Plaintiffs, Rosenberg, is someone who the New York Attorney General considers to

be prohibited by New York's UPL laws from practicing law in New York.


On July 19, 2024 the Second Circuit decided *T.W. v. New York State Board of Law*

*Examiners et. al.*, Case No. 22-1661.  In that case this Court suggested that if one can

indicate to this Court that professional speech is protected by the First Amendment then

1

he may have a claim for heightened scrutiny under the Equal Protection Clause.

This Court stated in *T.W.* as follows:

> " T.W.'s assertion that there is an access-to-courts angle to her claim (which she says is a "plus factor") fares no better. *Lane* addressed the "right of access to the courts," a fundamental civil right enshrined and expanded by other constitutional amendments. 541 U.S. at 523. These include the Confrontation Clause of the Sixth Amendment, the Due Process Clause, which "requires the States to afford certain civil litigants a meaningful opportunity to be heard by removing obstacles to their full participation in judicial proceedings," the Sixth Amendment right to trial "by a jury composed of a fair cross section of the community," and the First Amendment "right of access to criminal proceedings." Id. (internal quotation marks omitted). But the right of access to courts in *Lane* did not involve the right of individuals to earn a living in courts as a licensed lawyer (and for that matter, bar admission is required for all practicing lawyers, even those whose work involves only transactional or advisory work, and who never appear in court). The Supreme Court's failure to mention that species of supposed "access" in *Lane* comes as no surprise, **because nothing in the Constitution guarantees an individual a right to work as a lawyer, nor does T.W. identify any authority otherwise**. Accordingly, we conclude that T.W.'s complaint invokes only the right of occupational choice, and more specifically that of professional licensing.

We next consider the scope of that right. "[T]he liberty component of the
Fourteenth Amendment's Due Process Clause includes some generalized due
process right to choose one's field of private employment," but this right is
"subject to reasonable government regulation." <u>Conn v. Gabbert,</u> 526 U.S. 286,
291-92 (1999); see also <u>Hu v. City of New York,</u> 927 F.3d 81, 102 (2d Cir. 2019)
("[T]he right of occupational choice is afforded Due Process protection only when
a plaintiff is completely prohibited from engaging in his or her chosen
profession." (cleaned up)). **Although T.W. does not press an Equal Protection
Clause claim on appeal, even if she did, the Board's conduct "cannot run
afoul of the Equal Protection Clause if there is a rational relationship
between the disparity of treatment and some legitimate governmental
purpose."** <u>Garrett,</u>531 U.S. at 366-67 (internal quotation marks omitted). In sum,
the right at issue here— a disabled person's right to practice her chosen
profession—is not afforded heightened scrutiny."

(emphases added).

T.W. failed to mention <u>Nifla v Becerra</u>, 138 S. Ct. 2361, 1271-1272 (2018) which says
that professional speech is protected by the First Amendment:

"But this Court has not recognized "professional speech" as a separate category of
speech. Speech is not unprotected *2372merely because it is uttered by
"professionals." This Court has "been reluctant to mark off new categories of
speech for diminished constitutional protection." <u>Denver Area Ed.</u>

3

Telecommunications Consortium, Inc. v. FCC, 518 U.S. 727, 804, 116 S.Ct. 2374, 135 L.Ed.2d 888 (1996) (KENNEDY, J., concurring in part, concurring in judgment in part, and dissenting in part). And it has been especially reluctant to "exemp[t] a category of speech from the normal prohibition on content-based restrictions." United States v. Alvarez, 567 U.S. 709, 722, 132 S.Ct. 2537, 183 L.Ed.2d 574 (2012) (plurality opinion). This Court's precedents do not permit governments to impose content-based restrictions on speech without "'persuasive evidence . . . of a long (if heretofore unrecognized) tradition'" to that effect. Ibid. (quoting Brown v. Entertainment Merchants Assn., 564 U.S. 786, 792, 131 S.Ct. 2729, 180 L.Ed.2d 708 (2011))."

Dandridge v. William, 397 US 471, 484 (1970) says:

"The District Court, while apparently recognizing the validity of at least some of these state concerns, nonetheless held that the regulation "is invalid on its face for overreaching," 297 F. Supp., at 468—that it violates the Equal Protection Clause "[b]ecause it cuts too broad a swath on an indiscriminate basis as applied to the entire group of AFDC eligibles to which it purports to apply . . . ." 297 F. Supp., at 469.

If this were a case involving government action claimed to violate the First Amendment guarantee of free speech, a finding of "overreaching" would be

4

significant and might be crucial. For when otherwise valid governmental

regulation sweeps so broadly as to impinge upon activity protected by the First

Amendment, its very overbreadth may make it unconstitutional. See, e. g., <u>Shelton</u>

<u>v. Tucker</u>, 364 U. S. 479."

<u>Shelton v. Tucker</u>, 364 U.S. 479, 488 (1960) says "In <u>Lovell v. Griffin</u>, 303 U. S. 444, the

Court invalidated an ordinance prohibiting all distribution of literature at any time or

place in Griffin, Georgia, without a license, pointing out that so broad an interference was

unnecessary to accomplish legitimate municipal aims."

Similarly, Rosenberg would like to intervene in this case and ask this Court to

invalidated New York's Unlicensed Practice of Law laws since they prohibit all

professional legal advice speech at any time or place in New York without a license.  So

broad an interference was unnecessary to accomplish legitimate State's aims.

Wherefore Rosenberg moves for permissive intervention.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 26, 2024 I served a copy hereof via the Clerk's filing per ECF
Rule 9.2.

Respectfully Submitted,

/s//

Erwin Rosenberg
1000 West Island Blvd. 1011
Aventura, Florida 33160
Tel 786-299-2789
erwinrosenberg@gmail.com

Irwin Rosenberg
1000 Island Blvd #1011
Aventura, FL 33160

PRO SE CR 8/2/24

USM P3
SDNY

CLERK'S OFFICE
SDNY
JUL 30 2024

UNITED STATES COURTHOUSE
500 PEARL STREET
New York, New York
10007 - 1312

10007-131699

26 JUL 2024    MIAMI FL 330    PM 5 L

2024 AUG -5 AM 9:21
SDNY PRO SE OFFICE
RECEIVED

FOREVER USA