UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

UPSOLVE, INC. et. al.
        Plaintiffs,

v.                                                    No. 22-cv-627 (RMB)

JAMES, LETITIA
        Defendant
_____/

## ERWIN ROSENBERG'S MOTION FOR PERMISSIVE INTERVENTION

"Resolution of a motion for permissive intervention is committed to the discretion of the court before which intervention is sought, see *Automobile Workers*, 382 U.S. at 217, n. 10, 86 S.Ct. 373; Fed. Rule Civ. Proc. 24(b)(1)(a). " *Cameron v. EMW Women's Surgical Center, PSC*, 142 S. Ct. 1002, 1011-1012 (2022).

Like Plaintiffs, Erwin Rosenberg, a disbarred attorney, is someone who the New York Attorney General considers to be prohibited by New York's UPL laws from practicing law in New York.

On May 15, 2024 the Court of Appeals for the Eleventh Circuit decided *Cichowski v. Totten*, No. 24-10195 (Unpublished opinion), where it deals with a case involving the

1

unlicensed practice of law. The Court said as follows:

> "The problem for the Cichowskis is that rules barring the unauthorized practice of law have been upheld when challenged under the Fourteenth Amendment. See <u>Wright v. Lane Cty. Dist. Ct.</u>, 647 F.2d 940, 941 (9th Cir. 1981); <u>Monroe v. Horwitch</u>, 820 F.Supp. 682, 686-87 (D. Conn. 1993). Although these cases did not involve disabled individuals, we are aware of no authorities to the contrary. On the facts alleged, the amended complaint does not state a claim for a constitutional violation."

The <u>Wright</u> and <u>Monroe</u> cases cited herein refer to <u>Hackin v. State</u>, 102 Ariz. 218, 220, 427 P.2d 910, 912 (1967), *appeal dismissed for want of a substantial federal question,* 389 U.S. 143, 88 S.Ct. 325, 19 L.Ed.2d 347 (1967).

<u>Monroe v. Horwitch</u>, 820 F. Supp. 682, 686 n. 4 (Dist. Court, D. Connecticut 1993) says as follows:

> ""Summary affirmances and dismissals for want of substantial federal question ... reject the specific challenges presented in the statement of jurisdiction and ... leave undisturbed the judgment appealed from. They ... prevent lower courts from coming to opposite conclusions on the precise issues presented and necessarily decided by those actions." <u>Mandel v. Bradley</u>, 432 U.S. 173, 176, 97 S.Ct. 2238,

2240-41, 53 L.Ed.2d 199 (1977)."

However, a court must give approrpirate, but not necessarily conclusive, weight to the Hackin summary disposition. See Mandel v. Bradley, 432 US 173, 180 (1977)(MR. JUSTICE BRENNAN, concurring.):

> "After today, judges of the state and federal systems are on notice that, before deciding a case on the authority of a summary disposition by this Court in another case, they must (a) examine the jurisdictional statement in the earlier case to be certain that the constitutional questions presented were the same and, if they were, (b) determine that the judgment in fact rests upon decision of those questions and not even arguably upon some alternative nonconstitutional ground. The judgment should not be interpreted as deciding the constitutional questions unless no other construction of the disposition is plausible. In other words, after today, "appropriate, but not necessarily conclusive, weight" is to be given this Court's summary dispositions."

In that case the Supreme Court of Arizona held that *it can be disputed* whether one who represents another outside the court, be he an indigent or not, is, under our adversary process, going to the very core of the practice of law. See Hackin, 427 P.2d at 221: "It cannot be disputed that one who represents another in court, be he an indigent or not, is, under our adversary process, going to the very core of the practice of law, a fact with which even the most uninformed persons are well aware." As such, the district court

3

injunction order should be affirmed on the basis that since Appellees are only providing legal advice outside of court there is insufficient notice under the Due Process Clause to prevent them from doing so.

Furthermore, in that case the Supreme Court of Arizona suggested that the right to freedom of speech under the First Amendment of the United States Constitution may be violated by reason of a conviction of someone who has fulfilled certain rigid qualifications established by this court. See Hackin, 427 P.2d at 220: "Defendant next contends that his right to freedom of speech under the First Amendment of the United States Constitution was violated by reason of his conviction in the present cause. This contention is without merit. The practice of law is above that of a mere privilege. It cannot be treated as a matter of grace or favor. But it may be granted only upon fulfillment of certain rigid qualifications established by this court.". Since Erwin Rosenberg at some point did fulfill the rigid qualifications established by the New York courts, his litigations was an exercise of his First Amendment rights and therefore it cannot be abridged with discipline or a restriction on his continued ability to engage in the practice of law.

Wherefore Erwin Rosenberg moves for leave to intervene in this case and asks this Court to affirm the district court order with the legal opinions suggested in this motion.

### PROPOSED INTERVENOR COMPLAINT

COUNT 1: ERWIN ROSENBERG'S CLAIM AGAINST LETITIA JAMES IN HER OFFICIAL CAPACITY PURSUANT TO EX PARTE YOUNG FOR A DECLARATION AFFECTING PROSPECTIVE INJUNCTIVE RELIEF THAT THE FIRST AMENDMENT OF THE U.S. CONSTITUTION PER THE FOURTEENTH AMENDMENT PROHIBITS NEW YORK'S DISCIPLINE

AND/OR SUSPENSION AND/OR DISBARMENT OF A PERSON WHO WAS ONCE ADMITTED TO THE PRACTICE OF LAW IN NEW YORK

1. This Court has jurisdiction over claims involving federal law.

2. New York disbarred attorney Erwin Rosenberg. See <u>Matter of Rosenberg</u>, 202 AD 3d 1271 (NY: Appellate Div., 3rd Dept. 2022).

3. If this Court declares that the disbarment violated the First Amendment then Erwin Rosenberg will have a better opportunity to get readmitted as a licensed lawyer in New York.

4. <u>Ex Parte Young</u> gives this Court jurisdiction to make a declaration that may provide prospective redress to Erwin Rosenberg.

5. This Court has jurisdiction to declare unconstitutional the State laws that were authoritatively interpreted to disbar Erwin Rosenberg. See <u>Reed v. Goertz,</u> 143 S. Ct. 955, 960-961 (2023):

6. Since Erwin Rosenberg was once admitted to the New York courts as a lawyer he has a perpetual right to enage in the First Amendment right to practice law in New York and certainly had a First Amendment right to not get disciplined for speech or communicative conduct done as part of his professional speech.

7. Since he was, the disbarment is a restriction on Free Speech prohibited by the First Amendment.

7. Wherefore Erwin Rosenberg sues Letitia James for a declaration that when New

York disbarred Erwin Rosenberg there was a violation of the First Amendment as incorporated by the Fourteenth Amendment.

CERTIFICATE OF SERVICE

I hereby certify I mailed this document to the Clerk on August 7, 2024 and it will be served upon filing ia CM/EWCF per NYDC S. Dist. ECF Rule 9.2 on Robert McNamara, Esq. and Matthew J. Lawson, Esq.

Respectfully Submitted,

/s// Erwin Rosenberg
Erwin Rosenberg
1000 West Island Blvd. 1011
Aventura, Florida 33160
Tel 786-299-2789
erwinrosenberg@gmail.com

Erwin Rosenberg
1000 W. Island Blvd. 403
Aventura, FL 33160

Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Judge Bumann

RECEIVED
AUG 13 2024
S.D.N.Y. PRO SE OFFICE

U.S. POSTAGE IMI
$1.01
33181
Date of sale 08/07/24