

MEMO ENDORSED

**Office of the New York State Attorney General**      **Letitia James**  
                                                                      **Attorney General**

October 17, 2025

**By ECF**  
The Honorable Lewis A. Kaplan  
United States District Court  
Southern District of New York  
500 Pearl St.  
New York, New York 10007

(Stamp: USDC SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: ___ / DATE FILED: 10-20-25)

    RE:    *Upsolve, Inc. v. James*, 22-CV-627 (LAK)

Dear Judge Kaplan:

    This Office represents Defendant, the New York State Attorney General, in the above-captioned case. I write to request that (1) the Attorney General's time to file her opposition to Plaintiffs' Motion to Reinstate Preliminary Injunction (ECF 109, the "Injunction Motion") be extended from October 24, 2025 to January 23, 2026; and (2) the Attorney General's deadline to answer, move, or otherwise respond to the Complaint be reset to 50 days after the Court's ruling on the Injunction Motion.[1]

    As an initial matter, the Second Circuit has not yet issued its mandate in this matter—and thus has not formally returned jurisdiction over the issues subject to appeal to this Court. *See, e.g., New York v. United States Dep't of Homeland Sec.*, 974 F.3d 210, 215 (2d Cir. 2020) (a notice of appeal generally divests the district court of jurisdiction over the issues subject to the appeal); *Doe v. Gonzales*, 449 F.3d 415, 420 (2d Cir. 2006) (jurisdiction returns to district court when the mandate is issued). As such, an extension of time will allow sufficient time for the Second Circuit to issue its mandate and return jurisdiction to this Court to decide Plaintiffs' Injunction Motion.

    Moreover, since the time this case was appealed, the case law addressing how to adjudicate First Amendment challenges to professional licensing statutes has been developing rapidly—both inside and outside this Circuit. Indeed, the Second Circuit's recent ruling in this matter marked the first time that court articulated which level of scrutiny to apply to a case such as this one. Given these recent developments, the Attorney General requires additional time to research applicable case law, review the underlying evidence, and draft an appropriate response.

---

[1]     The Attorney General's time to respond to Plaintiffs' pleading had not expired as of July 13, 2022, when this Court stayed all proceedings in the District Court pending the recent interlocutory appeal. *See* ECF 80. Since that stay has now been lifted, ECF 107, the Attorney General seeks a new answer/response deadline.

Hon. Lewis A. Kaplan  Page 2 of 2
October 17, 2025

Moreover, this is a case with substantial public policy implications, and the public interest would be well served by affording the Attorney General sufficient time to draft a thorough response. An extension is also appropriate in light of the other significant matters I am working on, which will require me to meet multiple deadlines in the near future.

Given the need to focus on the Injunction Motion at this time, the Attorney General also requests that her deadline to answer or respond to Plaintiffs' pleading be reset to 50 days after the Court's ruling on the Injunction Motion.

Plaintiffs oppose this application in part. Plaintiffs have "no objection to continuing [the Attorney General's] responsive-pleading deadline until after a decision on [the] pending motion." However, Plaintiffs' counsel stated that the requested extension of time to respond to the Injunction Motion "strikes me as unreasonable, and we do not consent" to that request. In any event, granting the requested the extension is unlikely to prejudice Plaintiffs' interests, especially given that less than one month ago, Plaintiffs requested that this Court stay this matter and hold all deadlines in abeyance until the resolution of their petition for writ of certiorari in the Supreme Court. ECF 106.

Accordingly, the Attorney General respectfully requests that (1) her deadline to file an opposition to the Injunction Motion be extended from October 24, 2025 to January 23, 2026; and (2) her deadline to answer, move, or otherwise respond to the Complaint be reset to 50 days after the Court's ruling on the Injunction Motion.

Thank you for your time and attention to this matter.

> Respectfully submitted,
>
> /s/ Matthew J. Lawson
> Matthew J. Lawson
> Assistant Attorney General

---

*Handwritten endorsement by Judge Kaplan:*

Insofar as defendant seeks an extension of time to file opposition to the preliminary injunction motion, the application is granted only to the extent that the opposition shall be filed on or before 11/25/25. The application is denied in all other respects.

LEWIS A. KAPLAN, USDJ   10/20/25